IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOANNE MATTEY PINCHALK,                )
                                       )
                 Plaintiff,             )
                                       )
            v.                          )       Civil Action No. 24-37-E
                                       )
MARTIN J. O'MALLEY,                     )
*Commissioner of Social Security,*      )
                                       )
                                       )
                 Defendant.             )

O R D E R

AND NOW, this 10th day of December, 2024, upon consideration of the parties'

cross-motions for summary judgment, the Court, after reviewing the Commissioner of

Social Security's final decision denying Plaintiff's claim for disability insurance benefits

under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for

supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§

1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence

and, accordingly, affirms.   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148,

1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d

114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).

*See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by

substantial evidence, the Commissioner's decision must be affirmed, as a federal court may

1

neither reweigh the evidence, nor reverse, merely because it would have decided the claim

differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]    Plaintiff argues that the Administrative Law Judge ("ALJ") failed to adequately evaluate the opinion of Dr. Alexandra Smith-Demain, M.D.    (Doc. No. 11). Specifically, Plaintiff alleges the ALJ did not analyze the supportability and consistency of this opinion in accordance with the relevant regulations.    (*Id.*).    Plaintiff contends this error led the ALJ to craft an inaccurate residual functional capacity ("RFC") that contained no handling or fingering limitations, which is at odds with Plaintiff's abilities as she has an amputated left-hand index finger.    After carefully reviewing the record, the Court disagrees with Plaintiff and finds substantial evidence supports the ALJ's decision.

> After evaluating all the evidence, the ALJ found Plaintiff had the following RFC:

> [T]he undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can stand for six hours total, walk for six hours total, and sit for six hours total in an eight-hour workday.    The claimant can frequently climb ramps and stairs; and frequently balance, stoop, kneel, crouch, and crawl.    The claimant can never climb ladders, ropes, and scaffolds.    The claimant should avoid all exposure to hazards, defined as unprotected heights.

(R. 35).    In crafting this RFC, the ALJ evaluated the opinion of Dr. Smith-Demain.    This consultative examiner completed a medical source statement indicating Plaintiff could perform a reduced range of light work with continuous manipulative activities except only occasional fingering with the left hand.    (R. 812-17).    The ALJ found this opinion not fully persuasive because it was internally inconsistent and not fully supported.    (R. 38). Specifically, the ALJ stated:

> Although Dr. Smith-Demain's statement accounts for the claimant's postural limitations and is supported by [her] observations and physical examination findings, the undersigned was not fully persuaded by this assessment, as this assessment underestimates the claimant's remaining physical functional abilities and is unsupported by the totality of the medical evidence.    For example, Dr. Smith-Demain's statement is internally inconsistent with his relatively normal examination findings, noting the claimant's hand and finger dexterity was intact, grip strength was graded 5/5, bilaterally, motor strength was graded 5/5 in all muscle groups, deep tendon reflexes were full and symmetric in the biceps, brachioradialis, triceps, patellar, and ankles, and straight-leg raise was asymptomatic or

2

negative in the sitting position, bilaterally (Exhibit C8F/5-6).   It is further noted that Dr. Smith-Demain's medical source statement was based on a single examination of the claimant and was rendered without consideration of and/or review of the claimant's full treatment history and the complete medical record (See Exhibit C8F/4).   For these reasons, the undersigned declines to adopt the more restrictive exertional, manipulative, and environmental limitations suggested by Dr. Smith-Demain that would preclude medium exertion and further reduce the claimant's residual functional capacity beyond that already discussed.

(R. 38).

This analysis shows that the ALJ properly evaluated the consistency and supportability of Dr. Smith-Demain's opinion.   As Plaintiff mentions, the two most important factors for evaluation of medical opinions are consistency and supportability. 82 Fed. Reg. at 5853.   *See also* 20 C.F.R. §§ 404.1520c(b) and (c), 416.920c(b) and (c). Here, the ALJ adequately analyzed the consistency of Dr. Smith-Demain's opinion by noting it was internally inconsistent and underestimated Plaintiff's abilities when compared against the rest of the record.   Further, the ALJ properly evaluated the supportability of this opinion by stating that it was based on only a single examination without consideration of the complete medical record.   Accordingly, the ALJ's evaluation of Dr. Smith-Demain's opinion is supported by substantial evidence.

Additionally, it is clear from the ALJ's opinion that she considered Plaintiff's left hand index finger amputation.   For instance, at Step Two in the sequential process the ALJ acknowledged Plaintiff's amputation and found it did not result in more than minimal limitations.   Specifically, the ALJ stated:

The objective medical record documents the claimant underwent a consultative examination on January 26, 2021, with Alexandra Smith-Demain, M.D., and during the interview portion of the examination, reported that she previously experienced a complication of her vasculitis that resulted in a total amputation of her left index finger (Exhibit C8F/3, 5).   However, the medical evidence of record does not indicate that the claimant pursued interventional therapies, e.g., activity modification, physical therapy treatment nor required further evaluation by an orthopedist or other specialist for any residual numbness, pain, or infection.   In addition, physical examination revealed no significant abnormalities, and the claimant was able to touch her thumbs to all fingertips, zip, button, and tie and her grip strength was graded 5/5, bilaterally (Exhibit C8F/6). Finally, the claimant testified that she has no limitations with the use of that hand and has adapted her loss of the finger (Testimony).   For these

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary

Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment

(Doc. No. 13) is GRANTED.


s/Mark R. Hornak, J.
United States District Judge

ecf:        Counsel of record

---

reasons, the evidence does not support a finding that the claimant's
amputation of her left, non-dominant index finger caused more than
minimal limitations on the claimant's ability to perform basic work
activities and is not found to be severe.

(R. 31-32).    Furthermore, the ALJ asked the vocational expert ("VE") whether a
limitation to no more than occasional handling and fingering, along with several postural
and environmental limitations, would result in any jobs at the medium or light range and
the VE responded that no jobs would exist at those levels with that limitation.   (R. 88).
Accordingly, in sum, the record shows that the ALJ adequately considered Plaintiff's
amputation and reasonably crafted her RFC.

The ALJ's findings and conclusions are supported by substantial evidence.
Accordingly, the decision of the Commissioner must be affirmed.